# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| DAVID RONALD CHANDLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 1:16-CV-8032-VEH |
| ) | (1:90-CR-266-VEH-TMP-1) |
| UNITED STATES OF ) | |
| AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

On March 28, 2016, the petitioner/movant, Ronald David Chandler, filed what purported to be a petition for writ of *audita querela* (Doc. 1),[1] together with a motion for appointment of counsel to perfect the petition (Doc. 2). Despite his disclaimer that he was not challenging the validity of his murder conviction or sentence,[2] Chandler argued that the prosecutor was never properly appointed to prosecute the case (or even appear in the case) and that his conviction was "tainted" as a result. (Doc. 1, p. 2). On April 28, 2016, the undersigned explained, in the corresponding

---

[1] The Clerk actually received the petition on March 31, 2016, but under the prison mailbox rule, it is deemed filed on the date it was given to prison officials for mailing.

[2] Chandler initially was sentenced to death, but his sentence was commuted to life in prison by President Bill Clinton in 2001.

1

criminal case,[3] why Chandler's motion was properly brought only under 28 U.S.C. § 2255. (*See* Doc. 577 in *U.S. v. Chandler* (citation at footnote 3)). This is the undersigned's response to that 2255 petition.

# I

After a similar indictment against him in Alabama state court was dismissed, Chandler was federally indicted[4] for a number of drug-related crimes, including operating a continuing criminal enterprise and the murder of informant Marlin Shuler, on January 9, 1991. (Crim. Doc. 115). A jury found him guilty on April 2, 1991, and he was sentenced to death on May 14, 1991. He filed his first motion to vacate under 28 U.S.C. § 2255 on March 20, 1995; it was denied by Judge Hancock on April 7, 1997, and the order was ultimately affirmed by the Eleventh Circuit sitting *en banc*. *See Chandler v. United States*, 218 F.3d 1305 (11th Cir. 2000). President Clinton commuted Chandler's death sentence to life imprisonment on January 20, 2001. On May 18, 2015, Chandler filed a motion styled as a "Motion Challenging Jurisdiction in Violation of the United States Constitution." (Crim. Doc. 549). Judge Hancock treated it as a second or successive motion under section 2255 and dismissed it.

---

[3] *United States v. David Ronald Chandler*, Case No. 1:90-cr-66-VEH-TMP. Citations to this corresponding criminal action will be set out as "Crim. Doc. __."

[4] The original federal indictment was dated December 13, 1990, apparently before the state indictment had been dismissed. The January 9, 1991, indictment was superseding.

(Crim. Doc. 553). This case was transferred to the undersigned on November 17, 2015.

## II

In the present motion, Chandler claims that he does not challenge his sentence or conviction, but he does ask the court to vacate its judgment. As the court explained in the corresponding criminal action, he is seeking relief that is available to him only under § 2255. And, this is his fourth such motion/petition.

It is well-settled law that second or successive petitions (SSP) under section 2255 must be dismissed unless certified by

> a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). "The bar on second or successive motions is jurisdictional." *In re Morgan*, 717 F.3d 1186, 1193 (11th Cir. 2013) (Pryor, J., concurring in denial of rehearing en banc). "Whether a petition is second or successive depends on 'the judgment challenged.'" *Patterson v. Sec'y, Florida Dep't of Corr.*, 812 F.3d 885, 898 (11th Cir. 2016) (Pryor, J., dissenting) (quoting *Insignaries v. Sec'y, Fla. Dept. of*

*Corrections*, 812 F.3d 885, 898 (11th Cir. 2014)).

Chandler's motion is a SSP because it challenges the same judgment as his previous three motions. Accordingly, he cannot proceed in this court unless he first receives permission to do so from the United States Court of Appeals. Finding no such permission, the motion is due to be **DENIED** for want of jurisdiction.[5]

### III

A prisoner seeking to vacate his judgment has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). When a district court dismisses a federal *habeas* petition on procedural grounds

---

[5] In light of this denial, Chandler's motion for the appointment of counsel, doc. 2, which was frivolous anyway, is termed as **MOOT**.

without reaching the underlying constitutional claim, a COA should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because the instant motion is clearly a successive section 2255 motion, Chandler cannot make the requisite showing. Finally, because Chandler is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**DONE** this 29th day of April, 2016.

*/s/ VEHopkins*
**VIRGINIA EMERSON HOPKINS**
United States District Judge